### RAFFERTY v. ANDERSON.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. DEEDS—DESCRIPTION—CONSTRUCTION.
> Where the point of beginning in a description in a deed was stated to be at a point in the center of a road where it intersected the boundary of a lane, such language precluded the idea of the boundaries joining upon a curve.

2. SAME.
> Where a description in a deed referred to a strip of land 26 feet wide, to be used for a right of way, such language controlled the width of the right of way not only at the point of commencement, but through its entire length.

Appeal from Special Term, Saratoga County.

Action by Mary Rafferty against Richard K. Anderson. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. W. Atkinson, for appellant.
James F. Tracey, for respondent.

CHESTER, J. The action is to recover damages for an alleged trespass, and to restrain the continuance thereof. The plaintiff and the defendant are adjoining owners of premises on the westerly side of the Fonda Road, in the town of Waterford. The northerly boundary line of the plaintiff's premises is the southerly line of

a lane or right of way on defendant's premises known as "Anderson's Lane," leading westerly from such road. The claim of the defendant is that the southerly boundary line of the lane runs on a curve where it joins the westerly line of the road. The plaintiff, on the other hand, insists that such southerly line is a straight one, leading to the center of the road. By the judgment appealed from, the defendant is restrained from interfering with the fence erected by the plaintiff on the line claimed by her and from trespassing upon the premises inclosed thereby.

It seems to me plain that the plaintiff's contention is correct for two reasons: First. In the deed from the defendant to the plaintiff of the premises in question the point of beginning in the description is stated to be at a point in the center of the Fonda Road "where the said highway intersects the southerly boundary of the lane known as 'Anderson's Lane.'" If the boundary line of the lane intersects the center of the highway, it must cross the westerly boundary line of such highway to reach a point in the center thereof. This precludes the idea of such boundaries joining upon the curve insisted upon by the defendant, for, if it did, there would be no intersection. Second. The lane in question is described in the deed from Van Derkar, one of the predecessors of the parties in title, to Waldron, which is referred to in plaintiff's deed, as a "strip of land 26 feet wide, to be used for a right of way only, commencing at the public highway." If the lane widens out with a curve upon each side where it commences at the highway, as shown on the defendant's map, it has at that place a width of 60 feet, and for a considerable distance westerly therefrom it has a much greater width than is described in the deed under which it was laid out. This deed controls the width of the lane not only at its commencement at the highway, but through its entire length, and that is a uniform width. While there is an apparent inadvertence in the findings in stating therein that the plaintiff's fence along the line in question formed a right angle with the westerly line of the Fonda Road, instead of an obtuse angle, yet there is sufficient proof to support the finding, in effect, that the fence erected by the plaintiff was along the southerly boundary line of the lane as indicated by a line of old fence posts remaining at the time of defendant's conveyance to the plaintiff, and which is the line established by the decision as the correct southerly boundary of the lane.

The judgment should be affirmed, with costs. All concur.